```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

WENDELL H. STONE COMPANY, INC.   *
d/b/a STONE & COMPANY

               Plaintiff     *

          vs.              *   CIVIL ACTION NO. MJG-16-2821

CHESAPEAKE PLYWOOD, LLC.         *

                            *
              Defendant
\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

The Court has before it Defendant's Motion to Dismiss [ECF No. 21] and the materials submitted related thereto. The Court finds no need for a hearing.

I.    <u>BACKGROUND</u>

Plaintiff Wendell H. Stone Company is a concrete and construction supply business. Plaintiff alleges that at a time relevant hereto,[1] it received an unsolicited fax from Defendant Chesapeake Plywood, LLC, a seller of wood products. On August 10, 2016, Plaintiff filed the Class Action Complaint [ECF No. 1] alleging violation of the Telephone Consumer Protection

---

[1] The Amended Class Action Complaint does not specify the date of receipt, but Defendant presents no contention based upon the date of the alleged fax.

Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. On August 23, 2016, Plaintiff filed the pending Amended Class Action Complaint [ECF No. 3] ("ACAC").

By the instant motion, Defendants seek dismissal of all claims due to the absence of subject matter jurisdiction, contending that Plaintiff lacks standing to sue.

II. LEGAL PRINCIPLES

    A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) presents the question of whether this Court has jurisdiction to adjudicate the claims presented.

The Plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

    B. The Cause of Action

The Telephone Consumer Protection Act provides, in pertinent part:

> It shall be unlawful for any person within the United States . . . to use any . . . device to send, to a telephone facsimile machine, an unsolicited advertisement, unless [certain exceptions apply].

47 U.S.C. § 227(b)(1)(C).

The recipient of a fax sent in violation of this provision may file "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B).[2]

Plaintiff alleges that Defendant sent a fax in violation of 47 U.S.C. § 227(b)(1)(C). Plaintiff alleges, as to the loss caused by Defendant's action, that it suffered:

- Loss of the paper and ink used to print the fax,

- Loss of fax machine availability while receiving the unwanted fax,

- Loss of time reading the fax, and

- Wear and tear on the fax machine.[3]

---

[2] The recovery may be trebled for a willful or knowing violation. 47 U.S.C. § 227(b)(3).

[3] Specifically, Plaintiff states that receiving the Defendant's fax caused it, as the recipient, "to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's . . . privacy interests in being left alone." ACAC ¶ 32, 36, ECF No. 3.

C.  Standing

Defendant contends that because the alleged loss sustained by Plaintiff is de minimus, Plaintiff lacks the standing required by Article III of the United States Constitution.

To have Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, --- U.S. ----, 136 S. Ct. 1540, 1547 (2016) as revised (May 24, 2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

To suffer an injury in fact, the plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan, 504 U.S. at 560).  The Spokeo court stated that to constitute a concrete injury, an injury "must be 'de facto'; that is, it must actually exist. . . [that is]'real,' and not 'abstract.'" Id.

III. DISCUSSION

A.  STANDING

As discussed above, pursuant to Spokeo, to have Article III standing, Plaintiff must have:

1.  Suffered an injury in fact, that is

2.  fairly traceable to the challenged conduct of the defendant, and

3.  that is likely to be redressed by a favorable judicial decision.

136 S. Ct. at 1547.

1. Injury in Fact

The question presented is whether Plaintiff has suffered an injury in fact providing Article III standing by virtue of the receipt of a single one-page fax.[4]

Plaintiff does not allege any damages or loss other than that which would be the inevitable consequence of such a fax, i.e., the use of a single sheet of paper, the ink used to print the content, the "wear and tear" on the fax machine resulting from the processing of one sheet of paper, etc. There is no allegation that the receipt of the single fax at issue caused any consequential damage. In brief, it appears that Plaintiff's alleged injury would amount to no more than a small fraction of one cent. Nevertheless, it appears that the alleged injury will suffice to provide Plaintiff with Article III standing.

The United States Court of Appeals for the Fourth Circuit has not addressed the issue here presented in the context of a

---

[4] Exhibit A to the ACAC appears to represent a single page fax communication.

TCPA fax claim. However, in <u>Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.</u>, 407 F.3d 631, 639 (4th Cir. 2005), the Fourth Circuit decided – for insurance coverage purposes - that a claim against an insured for sending a fax in violation of the TCPA was a covered claim for "property damage." The <u>Resource</u> court stated that the receipt of a fax "occasions the very property damage the TCPA was written to address: depletion of the recipient's time, toner, and paper, and occupation of the fax machine and phone line." <u>Id.</u> The <u>Resource</u> court stated that it "fully" agreed with a Seventh Circuit statement that:

> junk faxes use up the recipient's ink and paper, but senders anticipate that consequence. Senders may be uncertain whether particular faxes violate § 227(b)(1)(C) but all senders know exactly how faxes deplete recipients' consumables . . . .

<u>Resource</u>, 407 F. 3d at 639 (quoting <u>Am. States Ins. Co. v. Capital Assocs. of Jackson Cty., Inc.</u>, 392 F.3d 939, 943 (7th Cir. 2004)).

In <u>Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.</u>, 781 F.3d 1245 (11th Cir. 2015), the Eleventh Circuit held that the plaintiff in a TCPA case had Article III standing because "it has suffered a concrete and personalized injury in the form of the occupation of its fax machine for the period of time required for the electronic transmission of the

data (which, in this case, was one minute)." Id. at 1251. The Palm Beach court stated, "the occupation of Plaintiff's fax machine is among the injuries intended to be prevented by the statute and is sufficiently personal and particularized to Palm Beach Golf as to provide standing." Id. at 1252; see also Falley v. Drug Depot, 204 F. Supp. 3d 1008, 1011 (N.D. Ill. 2016) (concluding that an allegation of loss of paper and toner, use of the telephone line and fax machine while receiving the fax, and loss of time, suffices to provide standing, even though the actual amount of the loss is de minimus).

In light of the current precedential climate, the Court concludes that the Fourth Circuit will, when faced with the issue, decide that Plaintiff's allegations are sufficient to provide Article III standing. Therefore, the Court shall not dismiss the ACAC.

### 2. Fairly Traceable to Defendant's Conduct

The ACAC alleges Plaintiff's injury – such as it is - is "fairly traceable" to receipt of the fax at issue. ACAC ¶ 10, Ex. A, ECF No. 3.

### 3. Likely to Be Redressed

There appears to be no doubt that a recovery of at least $500.00 would provide redress for Plaintiff's injury. ACAC ¶ 6, ECF No. 3.

### B. Additional Matters

Defendant contends that the ACAC does not adequately plead that the flyer attached as Exhibit A in Plaintiff's ACAC was in fact faxed to Plaintiff. Mot. Mem. at 2, ECF No. 21-1. This contention, presumably based upon Rule 12(b)(6), is not within the scope of the instant Rule 12(b)(1) motion. If there is, in fact, an issue regarding whether Plaintiff received a fax as alleged, that issue can be raised in due course.

As stated in the ACAC, Plaintiff seeks to have the Court certify a Plaintiff class consisting of

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express permission or invitation to send a fax the Plaintiff [sic].

ACAC ¶ 18, ECF No. 3.

The Court is not herein addressing any issues relating to class certification.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion to Dismiss [ECF No. 21] is DENIED.

2. Defendant shall file its Answer by May 19, 2017.

3. Plaintiff shall arrange a case planning telephone conference to be held by June 2, 2017.

SO ORDERED, this <u>Friday, April 28, 2017</u>.

/s/<br>
Marvin J. Garbis<br>
United States District Judge